[Civil No. 2147. Filed May 24, 1924.]

[226 Pac. 210.]

In the Matter of the Adoption of RICHARD SODER-
BERG, a Minor.

1. ADOPTION—FATHER'S NONRESIDENCE HELD ESTABLISHED BY VERIFIED
PETITION AND HIS AFFIDAVIT.—Nonresidence of child's father *held*
established so as to authorize publication by verified petition for
adoption and father's affidavit on file when order to show cause
providing for publication of notice was made.

2. COURTS — TWO A. M. OF JUDICIAL DAY HELD NOT IMPOSSIBLE OR
UNLAWFUL HOUR FOR HEARING.—Two A. M. of judicial day of
superior court *held* not impossible, or unlawful, or unreasonable
hour for hearing on petition for adoption, as fixed in order for
publication of notice to child's father, in view of Const., art. 6,
§ 6.

3. ADOPTION—ADOPTION PROCEEDINGS HELD NOT INVALIDATED BY CON-
TINUANCE WITHOUT NEW CITATION OR PUBLICATION OF NOTICE TO
FATHER.—Adoption proceedings held not void because hearing was
continued from 2 A. M. to 2 P. M. of same day without new
citation or publication of notice to child's father, who was given
personal notice, was not misled, lost no substantial rights, and
suffered no inconvenience.

4. ADOPTION — PUBLICATION OF NOTICE NEED NOT EXTEND OVER
TWENTY-ONE DAYS.—Statute requiring publication of summons to
extend over twenty-one days does not apply to publication of no-

---

1.  Validity of adoption without consent of natural parents,
see notes in **Ann. Cas.** 1914A, 221; 30 **L. R. A. (N. S.)** 146. See,
also, 1 **R. C. L.** 607.

3.  See 21 **R. C. L.** 1283.

tice in adoption cases, wherein, under Civ. Code 1913, paragraph 1191, last publication must be at least four weeks before time appointed for hearing.

5. ADOPTION—NONRESIDENT FATHER NOT ENTITLED TO PERSONAL SERVICE.—That personal service given nonresident father did not antedate hearing by four weeks did not deprive court of jurisdiction; Civ. Code 1913, par. 1191, not entitling him to personal notice.

6. ADOPTION — CONSTITUTIONAL LAW—STATE COURT NOT DEPRIVED OF JURISDICTION OF PROCEEDINGS TO ADOPT CHILD OF NONRESIDENT PARENT BY FEDERAL CONSTITUTION.—Const. U. S., art. 4, § 2, and Amend. 14, § 1, securing to nonresidents all privileges and immunities of residents do not deprive court of jurisdiction of proceedings to adopt resident minor child of nonresident parent.

APPEAL from an order of the Superior Court of the County of Pima. Samuel L. Pattee, Judge. Affirmed.

Mr. Samuel White and Mr. James E. Fenton, for Appellant.

Messrs. Kingan, Campbell & Conner, for Appellee.

LYMAN, J.—This appeal is from an order denying a motion to vacate a decree of adoption of a minor child and from an order overruling a motion for a new trial, upon the ground that the court was without jurisdiction to make the decree of adoption because appellant, the father of the minor and a resident of the state of California, was not afforded such notice as the statute requires he should have had. The minor, over 14 years of age, and joining in the petition, was domiciled with his mother and her husband, long-time residents of this state, who petition for the adoption. The petition was verified, and shows upon information and belief that the father of this minor was a resident of the state of California. The order to show cause provided for publication of notice of

---

5.  See 21 R. C. L. 1270.
    See 1 C. J. 1384, 1389 (1925 Anno.); 15 C. J. 894.

hearing for the statutory length of time (paragraph 1191 [Civ. Code], Revised Statutes of Arizona), and also for personal service upon him of the petition and order to show cause. At the time fixed for the hearing, appellant appeared specially only, and moved to quash the service. The motion was denied, and no evidence offered in opposition to the petition for adoption, which was thereupon, after the evidence had been received, granted. The motion to vacate the order of adoption was based upon the grounds which are now urged upon this appeal.

Objection is made that the order of publication of notice to the father was not predicated upon any affidavit of nonresidence. Not only did the verified petition for adoption state that the father was a resident of California, but there was on file at the time that the order to show cause was made an affidavit of the father disclosing that his place of residence was at Los Angeles, California. It is not clear how the nonresidence of the father could have been more fully established.

It is also objected that the hearing was fixed at 2 o'clock in the forenoon, which appellant says was an unseasonable, impossible, and unlawful time. Undoubtedly it was an unusual hour, and perhaps unseasonable. It was neither impossible nor unlawful. The Constitution provides that superior courts shall always be open for business, except on nonjudicial days. Section 6, article 6, of the state Constitution. No rule of court nor statute is cited to show that this hour was either unlawful or unreasonable, and we know of none which makes it so. Before this hour arrived, however, the hearing was continued until 2 o'clock in the afternoon of the same day. Upon this continuance appellant bases further objection, because no new citation was issued and no new publication of notice had, although it does appear that personal notice of the continuance was given him,

and it is not pretended that he was misled or any substantial rights were lost, or that any inconvenience was suffered by him on account either of the original hour or on account of the continuance to a more usual hour of the same day. If appellant's position upon this question is tenable, then such a hearing must be at all hazards had upon the hour originally fixed, or the proceedings are void, unless there is an appearance of the persons to whom notice is given. That is undoubtedly not the law.

Fault is found, too, that the notice of hearing was not for such time as the statute requires, and that the hearing was had prematurely. The order directed that the notice should be published for three consecutive weeks, and publication was made in a weekly newspaper once each week during such period, the date of the last publication being December 12, 1921. Hearing was had on the 14th of January, 1922, more than four weeks thereafter. The last date of publication was less than three weeks from the date of the first publication, and therein is said to lie the failure to comply with the statute. The statute which directly relates to publication of such notices provides that: "The last publication to be at least four weeks before the time appointed for the hearing." It is clear that there was no violation of this statute in this instance, and that more than four weeks elapsed "after the date of the last publication" before the hearing. was had. It is insisted, however, that the statute contemplates that the period of publication shall extend over twenty-one days, and appellant refers to that provision of the statute relating to publication of summons, which has no relation whatever to publication of notice in cases of adoption. The authorities cited upon this point by appellant are all drawn from other states, and none of them have to do with statutes of like import with this one.

Appellant also finds fault with the personal service which was given him, because it did not antedate the hearing for as long a period as four weeks, which he claims was his right. He was not entitled under the statute to any personal notice. The personal notice was in excess of what he was entitled to, and was provided for his convenience, and to make certain that he was informed. Such notice, as the trial judge very aptly commented, did not establish and could not take away jurisdiction in the premises.

Appellant formally makes the objection that the courts of this state are without authority to sever the parental status between the resident minor and the nonresident parent, but makes no attempt to point out the reason beyond citing as authority for his position section 2 of article 4 and section 1 of article 14 of the Amendments of the Constitution of the United States, which secure to nonresidents all the privileges and immunities enjoyed by resident citizens. The court appears to have had jurisdiction.

Appellant was duly notified of the hearing, and had every opportunity afforded him to establish whatever rights he had in the premises. The strict letter of the law was not only complied with, but in addition to that he was given reasonable and ample actual notice in excess of the strict requirements of the law.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.